## Brett Groves Plaintiff vs. Healthcare Revenue Recovery Group LLC Defendant

**Broward County Case Number:** CONO23003041
**State Reporting Number:** 062023CC003041AXXXNO
**Court Type:** Civil
**Case Type:** * CC Damages > $8,000 - $15,000
**Incident Date:** N/A
**Filing Date:** 04/11/2023
**Court Location:** North Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 72 Hurley, John

### − Party(ies)

Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Groves, Brett** | | ★ Patti, Thomas J Retained Bar ID: 118377 Patti Zabaleta Law Group 3323 NW 55th St Fort Lauderdale, FL 33309 **Status: Active** |
| Defendant | **Healthcare Revenue Recovery Group LLC** | | |

### − Disposition(s)

Total: 0

| Date | Statistical Closure(s) |
|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

### − Collection(s)

Total: 0

**There is no Collection information available for this case.**

## ─ Event(s) & Document(s)

Total: 5

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 04/12/2023 | **eSummons Issuance** | | 📄 | 2 |
| 04/11/2023 | **Per AOSC20-23 Amd12, Case is determined General** | | | |
| 04/11/2023 | **Civil Cover Sheet** | Amount: $8,001.00 | 📄 | 3 |
| 04/11/2023 | **Complaint (eFiled)** | | 📄 | 9 |
| 04/11/2023 | **Request for Discovery** | Party: *Plaintiff* Groves, Brett | 📄 | 9 |

## ─ Hearing(s)

Total: 0

**There is no Disposition information available for this case.**

## ─ Related Case(s)

Total: 0

**There is no related case information available for this case.**

JS 44  (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**  County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
         Plaintiff

☐ 2   U.S. Government
         Defendant

☐ 3   Federal Question
         *(U.S. Government Not a Party)*

☐ 4   Diversity
         *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place <br> of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a <br> Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment <br> & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted <br> Student Loans <br> (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment <br> of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product <br> Liability <br> ☐ 320 Assault, Libel & <br> Slander <br> ☐ 330 Federal Employers' <br> Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product <br> Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle <br> Product Liability <br> ☐ 360 Other Personal <br> Injury <br> ☐ 362 Personal Injury - <br> Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - <br> Product Liability <br> ☐ 367 Health Care/ <br> Pharmaceutical <br> Personal Injury <br> Product Liability <br> ☐ 368 Asbestos Personal <br> Injury Product <br> Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal <br> Property Damage <br> ☐ 385 Property Damage <br> Product Liability | ☐ 625 Drug Related Seizure <br> of Property 21 USC 881 <br> ☐ 690 Other <br><br><br><br><br> **LABOR** <br> ☐ 710 Fair Labor Standards <br> Act <br> ☐ 720 Labor/Management <br> Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical <br> Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement <br> Income Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal <br> 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated <br> New Drug Application <br> ☐ 840 Trademark <br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC <br> 3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and <br> Corrupt Organizations <br> ☐ 480 Consumer Credit <br> (15 USC 1681 or 1692) <br> ☐ 485 Telephone Consumer <br> Protection Act <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ <br> Exchange |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ <br> Accommodations <br> ☐ 445 Amer. w/Disabilities - <br> Employment <br> ☐ 446 Amer. w/Disabilities - <br> Other <br> ☐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate <br> Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - <br> Conditions of <br> Confinement | **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration <br> Actions | **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff <br> or Defendant) <br> ☐ 871 IRS—Third Party <br> 26 USC 7609 | ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information <br> Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure <br> Act/Review or Appeal of <br> Agency Decision <br> ☐ 950 Constitutionality of <br> State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
         Proceeding

☐ 2   Removed from
         State Court

☐ 3   Remanded from
         Appellate Court

☐ 4   Reinstated or
         Reopened

☐ 5   Transferred from
         Another District
         *(specify)*

☐ 6   Multidistrict
         Litigation -
         Transfer

☐ 8   Multidistrict
         Litigation -
         Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
     UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:     ☐ Yes   ☐No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

### Case No.

**BRETT GROVES,**

     Plaintiff,

v.

**HEALTHCARE REVENUE RECOVERY**
**GROUP LLC,**

     Defendant.

_____/

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

### COMPLAINT

Plaintiff Brett Groves ("Plaintiff") sues Healthcare Revenue Recovery Group LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"),

### JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2.    This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Broward County, Florida.

3.    The amount in controversy is greater than $8,000, but does not exceed $15,000, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4.    Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 04/11/2023 02:29:11 PM.****

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6.      Defendant is a Florida limited liability company, with its principal place of business located in Sunrise, Florida.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8.      On November 18, 2021, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Work-Injury").

9.      On August 22, 2022, Inphynet South Broward LLC ("Care Provider") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by Care Provider were for the treatment of the Work-Injury.

10.     At the time Care Provider provided its respective medical services to Plaintiff, Plaintiff informed Care Provider that the sought treatment was for the Work-Injury.

11.     Care Provider charged a fee for the provision of its (Care Provider's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

12.     The Consumer Debt arose from Plaintiff's work-related accident and injuries.

13.     Care Provider knew that payment of the Consumer Debt was the responsibility of Plaintiff's employer and/or the insurance carrier of Plaintiff's employer.

14.     Care Provider knew that payment of the Consumer Debt was not Plaintiff's responsibility.

15.     Care Provider knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff. Despite knowing this, however, Care Provider began attempting to collect the Consumer Debt from Plaintiff.

16.     Thereafter, and despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, Care Provider contacted Defendant to collect, or attempt to collect, the Consumer Debt from Plaintiff.

17.     On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff.

18.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

19.     Defendant is a business entity engaged in the business of collecting consumer debts.

20.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

21.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

22.     Defendant's "Consumer Collection Agency" license number is CCA0900844.

23.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

24.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

25.    For Defendant's "Consumer Collection Agency" license to remain valid, Defendant is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

26.    Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant *shall* maintain: "[t]he debtor's account of activity disclosing... a record of payments made by the debtor, including the date received and the amount and balance owing."

27.    Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant *shall* maintain: "basic information about the debt including, at minimum... [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

28.    On or about February 2023, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

29.    The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

30.    The Collection Letter represents an action to collect a debt by Defendant.

31.    Defendant, by way of the records which it (Defendant) is required to maintain to retain a valid Consumer Collection Agency license with the Florida Department of State, knew that the Consumer Debt arose from the treatment of the Work-Injury and otherwise knew that it (Defendant), as well as Care Provider, did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff

### COUNT 1
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

32.    Plaintiff incorporates by reference paragraphs 8 through 31 of this Complaint.

33.     Pursuant to Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…."

34.     Pursuant to Fla. Stat. § 440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employee or carrier for payment for services rendered in accordance with this chapter."

35.     An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *See generally* Fla. Stat. § 440.13.

36.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

37.     As stated above, Defendant sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. The Collection Letter falsely represents that Plaintiff is responsible for the repayment of the Consumer Debt. Here, Plaintiff is not liable or otherwise responsible for the payment of the medical services rendered by Care Provider, as such medical services were rendered to Plaintiff as a result of a work-related injury sustained by Plaintiff.

38.     Defendant by and through the Collection Letter, falsely represents the character of the Consumer Debt, *in that*, the Collection Letter falsely represents Consumer Debt as a debt which Plaintiff is solely responsible and/or otherwise obligated to pay.

39.     Further, by and through the Collection Letter, Defendant *falsely* represents the amount of the Consumer Debt, *in that*, the  sought by the Collection Letter exceeds the amount which Care Provider is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers such as Plaintiff.

40.     Thus, by and through the Collection Letter, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the *character* of the Consumer Debt, as well as by falsely representing the *amount* of the Consumer Debt.

41.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory and actual damages as provided by 15 U.S.C. § 1692k;

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c)     Any other relief that this Court deems appropriate under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: April 11, 2023

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone:    561-542-8550

**PAUL A. HERMAN, ESQ.**
Florida Bar No.: 405175
E-mail: paul@consumeradvocatelaw.com
CONSUMER ADVOCATES LAW GROUP, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, Florida 33445
Phone:    (561) 236-8851
Fax:       (561) 431-2352

**JOEL A. BROWN, ESQ.**
Florida Bar No.: 66575
E-mail: joel.brown@friedmanandbrown.com
FRIEDMAN & BROWN, LLC
3323 NW 55th Street
Fort Lauderdale, Florida 33309
Phone:    (954) 966-0111

*COUNSEL FOR PLAINTIFF*

# EXHIBIT A

# HRRG

PO BOX 5406
CINCINNATI OH 45273-7942
800-984-9115 from 8am to 8:30pm EST, Monday to Friday
en español 800-398-3975

To: Brett Lawrence Groves
10180 NW 21st Ct
Pembroke Pines FL 33026-1804

**Reference: 61747901**

**Healthcare Revenue Recovery Group, LLC (HRRG) is a debt collector.** We are trying to collect a debt that you owe to INPHYNET S BROWARD,LLC. We will use any information you give us to help collect the debt.

## Our information shows:

You received services from INPHYNET S BROWARD,LLC  at MEM HOSP WEST. The associated account number is 0318089003-92207285.

| | | |
|---|---|---|
| As of 08/22/22, you owed: | $ | 1,316.00 |
| Between 08/22/22 and today: | | |
| You were charged this amount in interest: | + $ | 0.00 |
| You were charged this amount in fees: | + $ | 0.00 |
| You paid or were credited this amount toward the debt: | - $ | 0.00 |
| Total amount of the debt now: | $ | 1,316.00 |

## How can you dispute the debt?

- **Call or write to us by 03/12/2023 to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- **If you write to us by 03/12/2023,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at Disputes@hrrgcx.com .

## What else can you do?

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by 03/12/2023, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at Requests@hrrgcx.com.

- **Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law.** For instance, you have the right to stop or limit how we contact you.

- Contact us about payment options.

**Notice:** See reverse side for important information.

✂ — — — — — — — — — — — — — — — — — — — — — — — — — — ✂

## How do you want to respond?

*Check all that apply:*

❏ **I want to dispute the debt because I think:**
    ❏ This is not my debt.
    ❏ The amount is wrong.
    ❏ Other (please describe on reverse or attach additional information).

❏ **I want you to send me the name and address of the original creditor.**

❏ **I enclosed this amount: $_____**

Make your check payable to *HRRG*.
Include the reference number 61747901.

To: Brett Lawrence Groves
10180 NW 21st Ct
Pembroke Pines FL 33026-1804

**Mail this form to:**
PO BOX 5406
CINCINNATI OH 45273-7942

1  061747901  000131600  0318089003  4  1

HRF1

NOT AN OFFICIAL COPY – PUBLIC ACCESS NOT AN OFFICIAL COPY

**IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

Case No.

**BRETT GROVES,**

      Plaintiff,

v.                                    **CIVIL ACTION SUMMONS**

**HEALTHCARE REVENUE RECOVERY
GROUP LLC,**

      Defendant.

_____/

**<u>SUMMONS</u>**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

Healthcare Revenue Recovery Group LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, Florida 32301

      Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Thomas Patti, Esq., Patti Zabaleta Law Group, 3323 Northwest 55th Street Fort Lauderdale, Florida 33309, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on: _____    APR 12 2023    ___

                          Brenda D. Forman, Clerk of the Court

                          By: _____

                                  As Deputy Clerk

**BRENDA D. FORMAN**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

# IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

### Case No.

BRETT GROVES,

     **Plaintiff,**

v.

HEALTHCARE REVENUE RECOVERY
GROUP LLC,

     **Defendant.**

_____/

### PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT

     Plaintiff Brett Groves propounds the following discovery requests on Defendant Healthcare Revenue Recovery Group LLC. Responses to these discovery requests are due forty-five (45) days from the below service date. Attached as Appendix "A" are definitions of terms and phrases used in these discovery requests.

     The responses to these discovery requests must be sent *via* e-mail to: **Thomas Patti, Esq.**, at tom@pzlg.legal and **Victor Zabaleta, Esq.**, at victor@pzlg.legal.

### CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on April 11, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

           /s/ Thomas J. Patti
           **THOMAS J. PATTI, ESQ.**
           Florida Bar No. 118377
           E-mail:   tom@pzlg.legal
           Phone:   561-542-8550

           *COUNSEL FOR PLAINTIFF*

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 04/11/2023 02:29:11 PM.****

## **INTERROGATORIES**

1.    Describe, step-by-step, the process which resulted in the Collection Letter being transmitted to Plaintiff, beginning with the date and method of transmission of Plaintiff's information to Defendant, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

      **Response**:


2.    Identify by name and contact information the entity and/or vendor used by Defendant to send, prepare, draft, compile, and/or otherwise transmit the Collection Letter to Plaintiff. An example of such an entity and/or vendor is CompuMail, Inc.

      **Response**:


3.    Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, that Defendant maintains.

      **Response**:


4.    Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, maintained by Defendant regarding Plaintiff or the Debt that are current within one week of the current date.

      **Response**:


5.    Identify each of Defendant's practices, policies, and procedures that were in existence prior to sending Plaintiff the Collection Letter, whereby said practices, policies, and procedures were reasonably adapted to prevent Defendant from violating the FCCPA and/or FDCPA as alleged by Plaintiff.

      **Response**:

6.   Identify by date, name, and contact information, each individual and/or entity that Defendant contacted, or that contacted Defendant, regarding the payment of any bills, invoices, statements, receipts, or otherwise collection statements, for services rendered to Plaintiff in connection with the alleged work-place injury sustained by Plaintiff. For example, this request seeks, among other things, the date, name, and contact information, of each representative of the applicable workers' compensation insurance carrier that Defendant contacted, or that contacted Defendant, with respect to [1] the submission of bills pursuant to Florida's Department of Insurance and Department of Administrative Hearing requirements and/or [2] the corresponding standards for payment in accordance with the Florida Workers' Compensation fee schedule.

**Response**:

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## REQUEST FOR PRODUCTION OF DOCUMENTS

*Please produce copies of the following documents*:

1.    Copies of the documents that Defendant sent to Plaintiff during the two (2) years prior to the commencement of the above-captioned action.

2.    Copies of the documents utilized or referenced by Defendant to create or draft the Collection Letter.

3.    Copy of the template used to prepare the Collection Letter.

4.    Copies of invoices and/or receipts involving or reflecting services that were either paid by, or rendered to, Defendant within the last two (2) years.

5.    Copies of the documents, including manuals, instructions and guidelines, setting forth the policies and procedures of debt collection employed by Defendant during the two (2) years prior to the commencement of the above-captioned action.

6.    A copy of the records specified by Rule 69V-180.080(1) that Defendant is required to maintain, and keep up to date within one week of the current date.

7.    A copy of the records specified by Rule 69V-180.080(2) that Defendant is required to maintain, and keep up to date within one week of the current date.

8.    A copy of the records specified by Rule 69V-180.080(3) that Defendant is required to maintain, and keep up to date within one week of the current date.

9.    A copy of the records specified by Rule 69V-180.080(4) that Defendant is required to maintain, and keep up to date within one week of the current date.

10.   A copy of the records specified by Rule 69V-180.080(5) that Defendant is required to maintain, and keep up to date within one week of the current date.

11.   A copy of the records specified by Rule 69V-180.080(6) that Defendant is required to maintain, and keep up to date within one week of the current date.

12.   A copy of the records specified by Rule 69V-180.080(7) that Defendant is required to maintain, and keep up to date within one week of the current date.

13.   A copy of the records specified by Rule 69V-180.080(8) that Defendant is required to maintain, and keep up to date within one week of the current date.

14.   A copy of the records specified by Rule 69V-180.080(9) that Defendant is required to maintain, and keep up to date within one week of the current date.

15.   A copy of the records specified by Rule 69V-180.080(10) that Defendant is required to maintain, and keep up to date within one week of the current date.

16.   A copy of the records specified by Rule 69V-180.080(11) that Defendant is required to maintain, and keep up to date within one week of the current date.

17.   A copy of the "written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer" required by Rule 69V-180.090(2).

18.   A complete copy of any insurance policies covering Defendant for violations of the FDCPA or FCCPA during the relevant period.

19.   Copies of the documents relied or referenced by Defendant in responding to the Interrogatories propounded on Defendant in the above-captioned action.

20.   Copies of the documents that Defendant was asked to identify in response to Plaintiff's interrogatories.

21.   Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## <u>REQUESTS FOR ADMISSION</u>

*Please admit or deny the following*:

1.     Admit that the Collection Letter is a true and correct copy of a document Defendant sent to Plaintiff.

2.     Admit that the Collection Letter is a communication in connection with the collection of a debt.

3.     Admit that Defendant is a "consumer collection agency" as defined by the FCCPA.

4.     Admit that Defendant is actively registered as a consumer collection agency with the Florida Office of Financial Regulation.

5.     Admit that Defendant maintains all records specified by Rule 69V-180.080, Florida Administrative Code.

6.     Admit that all records maintained by Defendant, as specified by Rule 69V-180.080, Florida Administrative Code, are current to within one week of the current date.

7.     Admit that the Debt is a "consumer debt" as defined by the FDCPA;

8.     Admit that Defendant is a "debt collector" as defined by of the FDCPA.

9.     Admit that Defendant engaged in collection activity by sending the Collection Letter to Plaintiff.

10.     Admit that you attempted to collect a financial obligation from Plaintiff within the last year.

11.     Admit that you attempted to collect a financial obligation from Plaintiff within the last year that was incurred primarily for personal, family, or household purposes.

12.     Admit that you regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## <u>VERIFICATION</u>

Under penalties of perjury, I, the undersigned affiant, declare that I have read the above Answers to Interrogatories, and that the Answers are true and correct.

_____
AFFIANT SIGNATURE

_____
PRINTED NAME OF AFFIANT

_____
CAPACITY / TITLE OF AFFIANT

**BEFORE ME**, the undersigned authority, personally appeared _____,

who produced as identification _____, bearing

number _____ expiring on _____ who

did take an oath, who stated that he/she is the person noted above, and that, according to his/her

best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 202_____.

_____
SIGNATURE OF NOTARY

_____
PRINTED NAME OF NOTARY

SEAL OF NOTARY

## APPENDIX "A" – DEFINITIONS

(1)     "Action" shall mean the above captioned matter.

(2)     "Any," "All," and "each" shall be construed as any, all and each.

(3)     "And" shall mean and/or.

(4)     "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or  in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge  upon, or impact the subject matter of the request;

(5)     "Complaint" means the operative Complaint filed in the above captioned action.

(6)     "Collection Letter" shall refer to the "Collection Letter" identified in the Complaint.

(7)     "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8)     "Defendant," "you," and "your" shall mean the above-captioned Defendant, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9)     "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10)    "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams,

messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Rules.

(11)   "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq.

(12)   "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

(13)   "Including" means: (1) including, but not limited to, or (2) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14)   "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15)   "Or" shall mean and/or.

(16)   "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)   "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)   "Plaintiff" or "Plaintiff's" shall mean the above-captioned Plaintiff.

(19)   "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on the date of these requests.

(20)   "Third-party," "third-parties," "vendor," and/or "vendors," shall mean: any person or entity other than Plaintiff, Plaintiff's attorney, the current creditor of the Consumer Debt and said current creditor's attorney.

(21)   The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

(22)   The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.