UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

BRETT GROVES,

                                        Case No.: 0:23-cv-60751-XXXX

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC.,

    Defendant.
_____/

**DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, the Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC ("Defendant HRRG"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and herein states as follows:

Admitted for the purposes of claims identification only, Defendant denies any allegation of violation of the FDCPA and demands strict proof thereof.

**JURISDICTION AND VENUE**

1. Admitted for purposes of venue and jurisdiction only; otherwise denied.

2. Admitted for purposes of venue and jurisdiction only; otherwise denied.

3. Admitted for purposes of venue and jurisdiction only; otherwise denied.

4. Admitted for purposes of venue only; otherwise denied.

**PARTIES**

5. Admitted for purposes of venue and jurisdiction only; otherwise denied.

6. Admitted for purposes of venue and jurisdiction only; otherwise denied.

## DEMAND FOR JURY TRIAL

7. Defendant requests trial by jury as to any issues remaining after the consideration of dispositive motions.

## ALLEGATIONS

8. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph until such a time that Defendant has had the opportunity to conduct adequate discovery to confirm or refute the statements alleged in this paragraph. Therefore, Defendant shall deny the paragraph at this time.

9. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph until such a time that Defendant has had the opportunity to conduct adequate discovery to confirm or refute the statements alleged in this paragraph. Therefore, Defendant shall deny the paragraph at this time.

10. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph until such a time that Defendant has had the opportunity to conduct adequate discovery to confirm or refute the statements alleged in this paragraph. Therefore, Defendant shall deny the paragraph at this time.

11. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph until such a time that Defendant has had the opportunity to conduct adequate discovery to confirm or refute the statements alleged in this paragraph. Therefore, Defendant shall deny the paragraph at this time.

12. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph until such a time that Defendant has had the opportunity to conduct

adequate discovery to confirm or refute the statements alleged in this paragraph. Therefore, Defendant shall deny the paragraph at this time.

13. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph until such a time that Defendant has had the opportunity to conduct adequate discovery to confirm or refute the statements alleged in this paragraph. Therefore, Defendant shall deny the paragraph at this time.

14. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph until such a time that Defendant has had the opportunity to conduct adequate discovery to confirm or refute the statements alleged in this paragraph. Therefore, Defendant shall deny the paragraph at this time.

15. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph until such a time that Defendant has had the opportunity to conduct adequate discovery to confirm or refute the statements alleged in this paragraph. Therefore, Defendant shall deny the paragraph at this time.

16. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph until such a time that Defendant has had the opportunity to conduct adequate discovery to confirm or refute the statements alleged in this paragraph. Therefore, Defendant shall deny the paragraph at this time.

17. Admitted to the extent that Defendant was contractually retained by the original creditor to seek payment for a past due medical debt obligation claimed due by the original creditor from Plaintiff.

18. Admitted to the extent that Defendant utilized interstate communications to seek payment of past due debt obligations claimed due by the original creditors. Otherwise, denied.

19. Admitted to the extent that Defendant utilized interstate communications to seek payment of past due debt obligations claimed due by the original creditors. Otherwise, denied.

20. Admitted to the extent that Defendant utilized interstate communications to seek payment of past due debt obligations claimed due by the original creditors. Otherwise, denied.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted to the extent that Defendant provided the Plaintiff with the required Model Validation Notice pursuant to Regulation F and the Fair Debt Collection Practices Act. Otherwise denied.

30. Admitted to the extent that Defendant provided the Plaintiff with the required Model Validation Notice pursuant to Regulation F and the Fair Debt Collection Practices Act. Otherwise denied.

31. Denied. Defendant demands strict proof thereof.

## **COUNT I- FDCPA**
## **1692e(2)(A)**

32. Defendant re-alleges its response to paragraphs 1 through 31 above as if fully stated herein.

33. Admitted to the extent that the content and context of the provisions within Section 440.13(2)(a) are self-evident. Defendant denies any allegation that Defendant's actions violate any provision stated herein; Defendant demands strict proof thereof.

34. Admitted to the extent that the content and context of the provisions within Section 440.13(13)(a) are self-evident. Defendant denies any allegation that Defendant's actions violate any provision stated herein; Defendant demands strict proof thereof.

35. Denied; Defendant demands strict proof thereof.

36. Admitted to the extent that the content and context of the provisions within Section 1692e(2)(a) are self-evident. Defendant denies any allegation that Defendant's actions violate any provision stated herein; Defendant demands strict proof thereof.

37. Denied; Defendant demands strict proof thereof.

38. Denied; Defendant demands strict proof thereof.

39. Denied; Defendant demands strict proof thereof.

40. Denied; Defendant demands strict proof thereof.

41. Denied; Defendant demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties and/or any of their employees, agents, or principals.

### Second Affirmative Defense

Defendant affirmatively alleges Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

**Third Affirmative Defense**

Defendant affirmatively alleges that Plaintiff's claims for actual damages are not actionable since the alleged damages are speculative and are not the proximate cause of any action or inaction of Defendant.

**Fourth Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the statute of limitations under Section 1692k, namely, Fair Debt Collection Practices Act ("FDCPA").

**Fifth Affirmative Defense**

Defendant affirmatively states that if the debt is judicially determined to be a debt incurred during the course and scope of Defendant's employment and occurred as a business-related debt claimed due by the employer, then Defendant is not liable to Plaintiff under the FDCPA as the debt would not be a "consumer debt" as the FDCPA defines that term.

**Sixth Affirmative Defense**

While Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges such damage was not caused by Defendant but was proximately caused or contributed to by the conduct of others for whom Defendant is not responsible or liable.

**Seventh Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to Section 1692k of the Fair Debt Collection Practices Act (FDCPA) because such actions or inactions if they occurred, were

not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors.

**Eighth Affirmative Defense**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided because Plaintiff failed to take reasonable steps to mitigate damages concerning the matters alleged in the Complaint.

WHEREFORE, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC., requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost and that Defendant be awarded reasonable attorneys' fees and costs as provided for under applicable law.

Dated this **24th** day of **April 2023.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **April 24, 2023**, via the Court Clerk's CM/ECF system, which will provide notice to the following: Thomas Patti, Esquire at *Tom@pzlg.legal* and Victor Zabaleta, Esquire at *Victor@pzlg.legal*, of the law firm of Patti Zabaleta Law Group, Paul A. Herman, Esquire of Consumer Advocates Law Group, PLLC, at *paul@consumeradvocatelaw.com*, and Joel A. Brown, Esquire of Friedman & Brown, LLC, at *joel.brown@friedmanandbrown.com*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M.
Florida Bar No.: 0110108
*SKohlmyer@Shepardfirm.com*
*service@shepardfirm.com*
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, FL  32751
Phone: (407) 622-1772
Fax: (407) 622-1884
*Attorneys for Defendant, Healthcare Revenue Recovery Group, LLC*